# Commonwealth v. Rider, Appellant.

*Criminal law—Assault and battery—Automobile—Turnpike.*

In the trial of an indictment for assault and battery a verdict of guilty will be sustained where the evidence for the commonwealth submitted to the jury, although contradicted, tended to show that the defendants in driving an automobile approached a toll gate, and when toll was demanded of them, choked the keeper, rushed their machine against and through the gate which the keeper's wife was holding, and severely injured the latter, and that they had previously driven through a number of toll gates at a high rate of speed without paying toll.

In such a case a demand by the keeper for a higher rate of toll than was legal, did not justify the assault.

*Criminal law—Instructions—Doubt—Reasonable doubt.*

In a criminal case when a reasonable doubt, within the meaning of the law and under the evidence, exists, it is the property of the defendant, and must result in an acquittal.

The discretion of the jury is to be exercised in determining whether the reasonable doubt exists; if they find that such doubt does exist, then, the

legal principle applicable is that they must give the defendant the benefit of the doubt; not that they may do so in their discretion.

On a criminal trial the only instruction given by the court on the subject of doubt was as follows: "If you have any doubt of the guilt of the defendants, or either of them, on the indictments, under the testimony and the law in the case, you may give the defendants, or the one who is entitled to that benefit, the benefit of the doubt." *Held,* to be insufficient and misleading.

Argued Nov. 13, 1905. Appeals, Nos. 112 and 113, Oct. T., 1905, by defendant, from judgment of Q. S. Lancaster Co., Nov. T., 1904, Nos. 30 and 40, on verdict of guilty in case of Commonwealth v. Jacob D. Rider and W. H. Ruffhead. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Indictment for assault and battery. Before HASSLER, J.

The facts are stated in the opinion of the Superior Court.

Defendants presented these points :

1. Under the evidence there can be no conviction of the defendants for aggravated assault and battery. *Answer:* This point we refuse. [1]

2. If the jury believe that the prosecutor, Roland Greiner, was attempting, at the time of the occurrence of the acts complained of, to collect an illegal and exorbitant amount of toll, the defendants had the right to push their way through the gates, after offering to pay the legal and proper amount, using no more force than was necessary under the circumstances. *Answer:* That point we affirm, as we have explained to you in our general charge. There is no evidence, however, that there was an illegal or exorbitant amount of toll demanded. The defendants say, I think, forty-six cents, you will remember the amount that was demanded. There is no evidence that that was an illegal or exorbitant amount. But, as I have said to you, if he was demanding more than the company was entitled to, the defendants had their right, but their right was not to commit either of the offenses charged in this indictment. I affirm the point, if you find that illegal and exorbitant toll was demanded, but I say to you that the evidence does not show that any such toll was demanded from these defendants. [2]

Verdict of guilty upon which judgment of sentence was passed. Defendants appealed.

621, (1905).]   Assignment of Error—Opinion of the Court.

*Errors assigned* were (1, 2) above instructions, quoting them; and (6) portion of charge as to doubt quoted in the opinion of the Superior Court.

*John A. Coyle,* of *Coyle & Keller,* for appellants.—In a criminal prosecution for assault and battery the intent is all important: Butler v. Stockdale, 19 Pa. Superior Ct. 98.

Nowhere in the charge, nor in the answer to the defendants' points, did the court say that if Greiner was demanding exorbitant toll, they had the right to go through the gate, using no more force than was necessary so to do. That was the defense and the jury had a right so to be instructed upon it.

The jury should have been told that if they had any reasonable doubt of the guilt of the defendants, that the defendants were entitled to the benefit of it and, therefore, must receive it and not that the jury might or might not give the doubt, which they had, under the law and the testimony, to the defendants.

If, when the whole of the charge is considered, it has a tendency to mislead, though no particular portion of it be clearly erroneous, it is a cause for reversal: Pierson v. Duncan, 162 Pa. 187; Renn v. Tallman, 25 Pa. Superior Ct. 503; Penna. Canal Co. v. Harris, 101 Pa. 80; Brown v. Montgomery, 21 Pa. Superior Ct. 262.

*W. U. Hensel,* with him *J. W. Brown,* district attorney and *E. P. Brinton,* for appellee.—The charge was proper and adequate: Horton v. Chevington & Bunn Coal Co., 2 Penny. 25; McClain v. Com., 110 Pa. 263; McMeen v. Com., 114 Pa. 300; Com. v. Orr, 138 Pa. 276; Phila. v. Monument Cemetery Co., 147 Pa. 170; Jackson v. Pittsburg Times, 152 Pa. 406; Com. v. Eckerd, 174 Pa. 137.

Trivial criticisms of the language of the charge, or the "stereotyped complaints that the charge gave too much prominence to the evidence of the commonwealth, and not enough to that on behalf of the prisoner," have no merit: Com. v. Razmus, 210 Pa. 609; Com. v. Devine, 14 Pa. Dist. Rep. 1; Com. v. Dingman, 26 Pa. Superior Ct. 615.

OPINION BY PORTER, J., December 11, 1905:

The defendants were jointly tried in the court below, and

their appeals have here been argued together, under the same specifications of error. The first count of the indictment charged the defendants with assault and battery; the second count charged them with unlawfully and maliciously inflicting upon the person of Elizabeth Greiner grievous bodily harm. The defendants were acquitted upon the second count, and it is not necessary to consider the specifications of error which refer exclusively to that charge.

The first specification of error refers to the refusal of the court to give binding instructions in favor of the defendants.

The testimony produced by the commonwealth, if believed, established that the defendants were driving an automobile along a turnpike road and had already, in the afternoon, run through a tollgate without paying toll; they again approached the same gate in the evening and found it closed and the toll-keeper standing in front of it with a lantern, he demanded the toll for one way, ten cents; the defendants refused to pay it; one of them jumped out of the automobile, choked the gate-keeper, forced the gate partly open; at the call of the gate-keeper his wife came to his assistance, and thereupon the other defendant, calling to his companion to look out, ran the auto-mobile against the gate which the wife was holding, and forced it and her against the side of the tollhouse, breaking two of her ribs and otherwise injuring her. · The defendants had in their testimony admitted that they had that afternoon run this particular gate and a number of others on the same turnpike at a speed of about sixteen miles an hour, without paying toll at any of the gates, and that this was the first gate at which they had been stopped. They testified that the toll-keeper demanded from forty-two to forty-eight cents toll, that that amount was exorbitant and that they tendered him the amount of toll to which he was entitled, which he refused to receive, or permit them to pass; that one of the defendants stepped from the automobile and forced the gate open while the toll-keeper was trying to hold it shut, and that having succeeded in getting the gate open he called to his companion to come on, and that the automobile was then run through the opening slowly, without injury to any one. There was a direct conflict of testimony, and it was proper for the jury, in passing upon the credit to which the witnesses were entitled

and the purpose and intention of the defendants in forcing
their way through the gate, to consider the fact that these same
defendants had upon that same turnpike immediately before
this incident, rushed a number of tollgates at a high rate of
speed, without paying toll. The case was for the jury, and
the first specification of error is dismissed.

Even if the toll-keeper demanded more toll than was act-
ually due, that did not warrant the defendants in committing
a breach of the peace in order to force a passage. The pres-
ervation of the public peace is paramount to the mere equi-
table regulation of the tolls to be charged by a turnpike com-
pany. When a gate-keeper demands more than the lawful
toll, this does not confer upon the traveler the right to choke
him and break the ribs of his wife. The second specification of
error is dismissed.

The third specification of error refers only to the second
count of the indictment, upon which count the defendants
were acquitted and cannot again be tried, and its considera-
tion is unnecessary. The court fell into trifling inaccuracies
in referring to the testimony, but the slips were not of a se-
rious nature and were subsequently corrected, and it is not nec-
essary to discuss the fourth and fifth specifications of error.

The sixth specification is to the following language found in
the charge : " If you have any doubt of the guilt of the defend-
ants, or either of them, on the indictments, under the testimony
and the law in the case, you may give the defendants, or the
one who is entitled to that benefit, the benefit of that doubt."
This sentence embodies all that was said by the learned judge
to the jury upon the subject to which it refers. That it was
inadequate in failing to define the nature of the doubt which
should have an effect upon the verdict, is manifest. A doubt,
to work an acquittal, must be serious and substantial, not the
mere possibility of a doubt. If the evidence convince of guilt
beyond a reasonable doubt, a jury is bound to convict: Com-
monwealth v. Harman, 4 Pa. 269. This reasonable doubt
arises from the failure of the evidence to convince the minds
of the jury of the guilt of the defendant: McMeen v. Com-
monwealth, 114 Pa. 300. This mere inadequacy did not, how-
ever, prejudice the cause of the defendants, for the jury might
have assumed that they were at liberty to acquit because of the

existence of some imaginary doubt.  The complaint of the defendants is that the instruction was misleading as to the effect which must be given to a doubt, and this complaint seems to be well founded.  When a reasonable doubt, within the meaning of the law and under the evidence, exists it is the property of the defendant, and must result in an acquittal.  This principle is too well recognized and important to be ignored. An instruction which must reasonably be held to have given a jury the impression that if they found that such a doubt as the law recognizes existed, under the evidence, then they were vested with a discretion to determine whether the defendant should have the benefit of that actually existing reasonable doubt, is certainly misleading.  The discretion of the jury is to be exercised in determining whether the reasonable doubt exists, if they find that such doubt does exist, then, the legal principle applicable is that they must give the defendant the benefit of the doubt; not that they may do so in their discretion.  The sixth specification of error is sustained.

It is ordered that in each of the appeals Nos. 112 and 113, October Term, 1905, the judgment be reversed and a venire facias de novo awarded.