# Commonwealth of Pennsylvania *v.* Oreste Retacco and Attelio Retacco, Appellants.

*Criminal law—Unlawful possession and sale of drugs—Evidence —Motion to strike out evidence.*

The testimony of "drug addicts" is admissible for the purpose of establishing the sale of certain narcotic drugs. The weight to be given such testimony is for the jury.

Where questions are asked without objection, and responsive replies are made thereto, a motion to strike out the testimony will be refused, and such refusal will be sustained in the absence of abuse of judicial discretion.

Argued October 19, 1923. Appeals, Nos. 207, 208, 209, 210, Oct. T., 1923, by defendants, from judgment of sentence of Q. S. Phila. Co., Nov. Sessions, 1922, Nos. 209, 210, 211, 212, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Oreste Retacco and Attelio Retacco. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for the unlawful possession and sale of drugs. Before BARTLETT, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendants appealed.

*Errors assigned* were the insufficiency of the evidence to warrant a verdict of guilty, and the refusal of the court below to strike out certain testimony.

*Harry A. Gorson,* and with him *Joseph D. Morelli,* for appellants.

*Warren C. Graham,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee.

PER CURIAM, November 19, 1923:

Appellants, separately indicted, were tried together below, and were convicted of possessing and selling narcotic drugs unlawfully; their appeals were presented in one argument here and may be disposed of in one opinion. They present two contentions in eight assignments of error: (1) that the evidence was insufficient to convict; (2) that motions to strike out testimony should have been granted.

(1) There was ample evidence justifying the jury in finding that the prohibited drugs were heroin and cocaine. Four witnesses who bought them from appellants, testified to that fact; it is urged their testimony should not have been received because the witnesses were, or had been, "drug addicts." They knew the drugs and their effect, and so testified; the facts were relevant; the duty of determining them was with the jury. Moreover, there was corroborative medical evidence. The first four assignments are without merit.

(2) The motions to strike out were properly refused. The answers were responsive to questions to which no objection had been made; after responsive replies are so received, it is, generally speaking, too late to avoid their effect. We might dismiss these assignments for that reason alone, but the record shows, the evidence was relevant.

The judgments in appeals Nos. 207, 208, 209 and 210, October term, 1923, are affirmed.