# Commonwealth *v.* Nunamaker, Appellant.

*Criminal procedure—Charge of the court—Reasonable doubt—Insufficiency.*

A charge of the court on the subject of reasonable doubt is improper and insufficient when the jury might have deduced therefrom that the case was governed (1) by the correct rule of law, or (2) they might have understood that the case was to be governed by the preponderance of the evidence, or (3) they might have assumed that the innocence of the defendant as to the offense charged in the indictment must be established beyond a reasonable doubt or even (4) that with a reasonable doubt present in their minds as to the guilt of the defendant, they could exercise their discretion as to returning a verdict of "not guilty."

In the trial of an indictment for the possession of intoxicating liquors, a witness who has drunk the liquor may testify, if he knows, that it was whiskey. A chemical analysis is not absolutely necessary to prove the fact.

Argued October 7, 1924.    Appeal, No. 6, April T., 1925, by defendant, from judgment of Q. S. Clarion Co., Dec. Sessions, 1923, No. 14, on verdict of guilty in the

case of Commonwealth v. Samuel Nunamaker.  Before
ORLADY, P. J., PORTER, HENDERSON, TREXLER, LINN and
GAWTHROP, JJ.  Reversed.

Indictment for selling liquor for beverage purposes.
Before HARVEY, P. J.

The facts are stated in the opinion of the Superior
Court.

Verdict of guilty on which judgment of sentence was
passed.  Defendant appealed.

*Errors assigned* were, among others, the charge of the
court, refusal to withdraw a juror for improper remarks
and refusal to direct a verdict of not guilty.

*George F. Whitmer,* and with him *W. J. Geary* and
*E. O. Golden,* for appellant.

*Don C. Corbett,* and with him *John M. Myers,* District
Attorney, for appellee.

OPINION BY KELLER, J., November 17, 1924:

On full consideration of the record in this case we are
obliged to sustain the eighth and eleventh assignments
of error.  We might pass over either of them, if it stood
alone, on the principle that it could not have misled the
jury, (Com. v. Daily, 280 Pa. 59), but taken together,
we are not satisfied that the jury were not confused by
the court's charge.  After instructing the jury substan-
tially correctly on the subject of reasonable doubt, the
trial judge went on to say: "Preponderance of evidence
does not necessarily mean the greater number of wit-
nesses, but it means the degree or condition of the proof
which, considered in the light of all the evidence of the
case, seems to be most reasonable, most consistent and
most satisfactory" [8th assignment] ; and then closed
his charge by saying: "If you find beyond a reasonable
doubt that this defendant did not commit the offenses

charged, and it is not necessary to tell you that he need
not have committed all of the offenses named in the in-
dictment to make him guilty, but if he did not commit
any of the offenses there under the evidence presented
to you, you can bring him in not guilty" [11th assign-
ment]. From these three parts of the charge, the jury
(1) might have deduced the correct rule of law, or (2)
they might have understood that the case was to be gov-
erned by the preponderance of the evidence, or (3) they
might have assumed that the innocence of the defendant
as to the offense charged in the indictment must be es-
tablished beyond a reasonable doubt, (Com. v. Wilson,
266 Pa. 236), or even, (4) that with a reasonable doubt
present in their minds as to the guilt of the defendant,
they could exercise their discretion as to returning a ver-
dict of "not guilty." See Com. v. Rider, 29 Pa. Superior
Ct. 621.

We find no reversible error in the remaining assign-
ments. The lower court did not abuse its discretion
in refusing to withdraw a juror and continue the case,
in the circumstances here present; nor did it err in re-
fusing defendant's request to direct a verdict of not
guilty at the conclusion of the Commonwealth's case:
Com. v. Sonis, 81 Pa. Superior Ct. 205. A witness who
has drunk liquor may testify, if he knows, that it was
whiskey. A chemical analysis is not absolutely neces-
sary to prove the fact: Com. v. Retacco, 82 Pa. Superior
Ct. 79.

The court below rightly held that under the single
count in this indictment evidence of violations of the
Woner Law (Act of May 5, 1921, P. L. 407) was not ad-
missible. While the saving clause (section 15) of the
Act of March 27, 1923, P. L. 34, provides that as to
crimes committed prior to the date of its approval, of-
fenders may be prosecuted and punished under and in
accordance with the laws then in force, "as if this act
had not been passed," it does not authorize a prosecution
for such prior offenses under the present act, and to

include them in the indictment, a separate count would be necessary. See Com. v. Price, 80 Pa. Superior Ct. 291.

As the case goes back for a retrial it should be noted that under the Act of March 27, 1923, supra, an indictment which charges the defendant with the illegal possession, transportation and sale of intoxicating liquors in one count can be sustained only on the theory that they are connected with the same transaction and may be considered as phases of the same event or offense, (Com. v. Zeitler, 79 Pa. Superior Ct. 81; Com. v. Miller, 107 Pa. 276; Com. v. Lewis, 140 Pa. 561; Com. v. Mentzer, 162 Pa. 646; Com. v. Holstein, 76 Pa. Superior Ct. 74). There was not sufficient evidence in this case to connect the defendant with the sale of intoxicating liquors to Mineo; but only with the transportation of such liquors. And this transportation was not connected in any way with the alleged sale of intoxicating liquors to Grazier or Milford, on a different date and at a different place. On the retrial the Commonwealth should elect as to which offense it will proceed against the defendant.

The judgment is reversed and a new trial awarded.