Commonwealth *v.* Jansen, Appellant.

Argued October 1, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Edward A. Kelly,* for appellant.

*John Monaghan,* District Attorney, and with him *Thaddeus M. Daly, Jr.,* and *John H. Maurer,* Assistant District Attorneys, for appellee.

OPINION BY KELLER, J., October 24, 1928:

If the trial judge had instructed the jury that they could convict the defendant if they found that he had suffered his prisoner to escape through gross negligence, it would have been error requiring a reversal, for the indictment charged defendant with violating the fifth section of the Criminal Code of 1860, (voluntary escape), not the sixth (escape by negligence): Com. v. Norris, 87 Pa. Superior Ct. 66; and a later correct instruction in the charge would not have cured the error: Com. v. Wooley, 259 Pa. 249. But he did not. He told the jury at the outset of his instructions that the charge against the defendant was that "having a prisoner, he permitted him to escape, voluntarily permitted him to get out of his control and custody." He reiterated this later in his charge and nowhere told them they could convict if they found gross negligence in the performance of his duties.

The testimony of the Commonwealth presented a clear case of voluntary escape—nothing else; that of defendant supported the theory that he had done his full duty in the premises, or at most was only guilty of negligence, which even though gross, would not sustain a conviction on this indictment. The extract from the judge's charge complained of and assigned

for error, when considered in the light of the charge as a whole, left to the jury to decide as a question of fact (1) whether the defendant had exercised proper care, as he himself alleged; or (2) had been grossly negligent, but had not intentionally allowed the prisoner to escape, as might be found from the evidence of some of his own witnesses; or (3) had voluntarily permitted him to escape, as the evidence of the Commonwealth was sufficient to establish. But the charge as a whole showed it was only in the event that they made the third finding above, and determined as a fact that the defendant had voluntarily permitted the escape, that they could render a verdict of guilty on the charge then being tried.

The evidence was ample to sustain the conviction and we are satisfied the verdict was a just one.

The assignments of error are overruled, the judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence imposed or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.