## Commonwealth v. Quinlan, Appellant.

556

Argued September 30, 1935.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Chas. W. Eaby,* with him *Robert Ruppin,* for appellant.

*Paul A. Mueller,* District Attorney, for appellee.

OPINION BY BALDRIGE, J., November 20, 1935:

The defendant was convicted of the crimes of unlawful assembly, rout, inciting to riot, and riot. The foundation of these charges was his unlawful actions in connection with a strike at a silk mill located immediately outside the city of Lancaster. There was ample evidence adduced by the Commonwealth, if believed by the jury, to support the conviction.

The main complaint of the defendant is that the trial judge's conduct in the case deprived him of a fair trial under our laws. We have before us twelve assignments of error in support of this allegation. A careful review of the record convinces us that but two of them merit serious consideration.

The more important of these relates to the charge of the court on the question of reasonable doubt. The jury was instructed as follows:

"If you have any reasonable doubt about the guilt or innocence of the defendant, that is, such a doubt as I have defined, then the defendant is entitled to the benefit of that doubt, and that may operate to acquit him, if you see fit."

This instruction was clearly erroneous. A jury, in its discretion, may determine whether a reasonable doubt has arisen; but, if it exists, the jury has no discretion to give or not to give, as it may "see fit," the benefit of this reasonable doubt to the defendant. A reasonable doubt in a criminal case is the property of the defendant, and a jury not *may* but *must* give the defendant the benefit of it: Com. v. Rider, 29 Pa. Superior Ct. 621. Later in the charge, the learned trial judge said:

"As I have said before, if you have any reasonable doubt as to the guilt or innocence of the accused, you will give him the benefit of that doubt (and it is your duty to give him the benefit of that doubt), and that would operate to acquit him."

Unfortunately, the judge did not indicate that what he last said was a correction of his original instruction. If he had done so, the charge on this question would not be the subject of just criticism. The introductory phrase of the last quotation strongly implies just the contrary and tends to approve and confirm the previous misleading instruction.

Taking the charge in its entirety, it is impossible to conclude which of the conflicting statements respecting

reasonable doubt was followed by the jury: Com. v. Deitrick, 221 Pa. 7, 70 A. 275. We are all of the opinion that the court committed a fundamental error in failing to give unqualified instructions on the question of reasonable doubt, as the law demands.

The second matter pertains also to the court's charge. Medlar, a policeman, stated that the defendant had been pointed out to him a couple of days previous to the one on which the alleged unlawful acts occurred; but he gave no testimony of any crime then committed; it related only to defendant's identity. The judge, in referring to this testimony, said:

"He [Medlar] said that the defendant was at the lower gate; that pickets would leave the crowd, talk to Quinlan, and then go back to the crowd. He also said Quinlan had been at the other mill on New Holland Avenue a few days before. That I consider as admissible evidence due to the fact that, if what occurred at the New Holland Avenue mill had amounted to an offense against the law, evidence of other offenses is always pertinent to show the intention of the instant defendant a matter on trial."

The natural implication of this language is that the defendant was guilty of an additional crime at the New Holland Avenue mill. Under certain circumstances, evidence of another offense committed by a defendant may be given (Com. v. Winter, 289 Pa. 284, 137 A. 261); but on this record evidence of any violation of the law other than that charged in the indictment is totally lacking. We cannot presume a fact not proven. We believe that the defendant had reason to feel that this statement was prejudicial to him.

We find no reversible error in the remaining assignments.

Judgment is reversed, and a new trial awarded.