Commonwealth *v.* Aikens, Appellant.

Argued September 27, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Donald J. Goldberg,* with him *Garfield W. Levy, Albert S. Oliensis,* and *Levy & Oliensis,* for appellant.

*Victor Wright,* Assistant District Attorney, with him *Christopher F. Edley,* Assistant District Attorney, *Vincent G. Panati,* First Assistant District Attorney, and *Samuel Dash,* District Attorney, for appellee.

OPINION BY RHODES, P. J., November 16, 1955:

This is an appeal by defendant from judgment of sentence of the Court of Quarter Sessions of Philadelphia County. Defendant was indicted on bills of indictment Nos. 335-340, March Sessions, 1955. Each bill charged that defendant unlawfully dealt in, sold and trafficked in narcotic drugs. The trial judge, sitting without a jury, found defendant guilty on all bills. Defendant was sentenced on bill No. 336 to an indefinite term at the Women's Industrial Home at Muncy. Sentence was suspended on the other five bills.

Defendant was convicted and sentenced on May 31, 1955. No motion for a new trial or in arrest of judgment was made or filed before sentence. On June 30, 1955, a paper was filed entitled "Motion for a New Trial and Motion in Arrest of Judgment Nunc Pro Tunc." No action was taken thereon. Rule 41, adopted March 8, 1936, of the Court of Quarter Sessions of Philadelphia County, provides that: "No rule to show cause why a new trial should not be granted will be allowed by the court, unless the judge who tried the cause shall in the first instance entertain a motion for such rule. The motion, if not so entertained, shall at once be overruled." While it appears that such motions may be made any time prior to judgment and sentence, they should be made immediately after rendition of the verdict and before the judge who tried the case. On July 11, 1955, an appeal was taken to this Court. The court below was afforded no opportunity to pass upon the questions which have been raised on this appeal. For this reason the appeal should be dismissed. However, considering defendants' contentions on their merits, the conviction and sentence must be sustained.

The bill of indictment upon which defendant was sentenced set forth that defendant, "did unlawfully and feloniously deal in, dispense, sell, deliver, distribute, prescribe, traffic in and give away a quantity of a certain drug, compound, substance and preparation, being and containing a compound and derivative of opium contrary to the form of the Act of General Assembly in such case made and provided, . . ." The specific drug involved in this case was heroin, a derivative of opium.

Section 1 of the Anti-Narcotics Act of July 11, 1917, P. L. 758, as amended, 35 PS §851, provides in part as follows: "Except as limited in section two of this

act, the word 'drug,' as used in this act, shall be construed to include: (a) Opium; . . . (d) any compound or derivative of opium, . . .; or (e) any substance or preparation containing opium, . . .;"

Section 2 of the Act of 1917, as amended, 35 PS §852, states, inter alia, that the word "drug" shall not be construed to include preparations and remedies and compounds which do not contain more than one-eighth of a grain of heroin, if a solid or semi-solid, in one avoirdupois ounce, "Provided, however, That no preparations, remedies, or compounds containing any opium, or cocoa leaves, or any compounds or derivative thereof, *in any quantity whatsoever,* may be sold, dispensed, distributed, or given away to, or for the use of, any known habitual user of drugs . . ., except in pursuance of a prescription of a duly licensed physician or dentist." [Italics supplied.]

The Commonwealth's case depended upon the testimony of a drug addict. This witness testified that she had used heroin daily over a long period of time; that she knew the effect of it; and that the substance purchased by her from defendant gave her the effect of heroin. She further testified that she was a drug addict; and that she was under sentence for the use and possession of heroin which she had purchased from defendant. The witness also testified that she had known defendant for a number of years and that defendant gave her heroin from time to time in 1953 until she became addicted. She began purchasing heroin from defendant in November, 1953, and thereafter purchased on the average a bag of heroin a day, including the months of November and December, 1954.

Defendant testified in her own behalf, and denied that she ever sold, gave, or delivered any drugs to the Commonwealth's witness. Defendant claimed that the Commonwealth's witness had not told the truth about

defendant because of an alleged incident which occurred in the fall of 1953 over a small revolver. Defendant said the witness asked her to hide the gun but she refused, and that this was the cause of the witness' antagonistic attitude.

Defendant's first contention is that the Commonwealth failed to prove that the substance or compound allegedly sold to Commonwealth's witness was, in fact, heroin. It is argued that the witness was no chemist and had never analyzed any substance having the chemical properties of heroin, which, when injected into her blood stream, would produce a certain reaction; and that consequently she was not qualified to testify that the substance sold to her by defendant was actually heroin. Defendant's position is substantially that a chemical analysis was required before defendant's conviction of the charge could be sustained. Such an unqualified requirement, where the drug has been consumed, would tend to nullify the act, and would permit much of the illicit traffic in drugs to be carried on without restraint. In *Com. v. Retacco*, 82 Pa. Superior Ct. 79, 80, we said: "There was ample evidence justifying the jury in finding that the prohibited drugs were heroin and cocaine. Four witnesses who bought them from appellant, testified to that fact; it is urged their testimony should not have been received because the witnesses were, or had been, 'drug addicts.' They knew the drugs and their effect, and so testified; . . ." Similarly, in *Com. v. Nunamaker*, 84 Pa. Superior Ct. 97, 99, this Court said: "A witness who has drunk liquor may testify, if he knows, that it was whiskey. A chemical analysis is not absolutely necessary to prove the fact."

In the present case a chemical analysis was as unnecessary as it was impossible. Defendant sold the drug to the witness under the name of heroin. The

witness was a habitual user of heroin, she knew its effect, and the substance purchased from defendant gave her the usual effect. Defendant must have known that the witness was an addict, and that those enmeshed in the habit are steady buyers. We think there was sufficient evidence to justify the trial judge in finding that defendant sold heroin to the witness in violation of the act.

As another aspect of defendant's contention, it is argued that the Commonwealth was required to show that the heroin content of the substance allegedly sold by the defendant to the Commonwealth's witness was more than one-eighth of a grain of heroin per avoirdupois ounce. Under the circumstances of this case, it was not necessary for the Commonwealth to do so. Although section 2 of the Act of 1917, as amended, 35 PS §852, excludes generally from the application of the act compounds which do not contain more than one-eighth of a grain of heroin, if a solid or semi-solid, in one avoirdupois ounce, it provides specifically that no preparation or compound containing opium, or a derivative thereof, in any quantity whatsoever, may be sold or given to any known habitual user of drugs, unless prescribed by a duly licensed physician or dentist.[1] Section 12 of the Act of 1917, as amended, 35 PS §865, provides that "Any person who shall violate, or fail to comply with, any of the provisions of this act, . . . shall be guilty of a felony; . . ." While penal laws are to be strictly construed (Statutory Construction Act of May 28, 1937, P. L. 1019, Art. IV, §58, 46 PS §558), common sense and evident statutory purpose are not to be overridden. *Com. v. Yaste,* 166 Pa.

---

[1] The Anti-Narcotics Act of 1917 is a prohibitory enactment (*Com. v. Gorodetsky,* 178 Pa. Superior Ct. 467, 115 A. 2d 760); and it is significant that the burden of proving any exemption under this act is upon the defendant (35 PS §866).

Superior Ct. 275, 278, 70 A. 2d 685; *Com. v. Bienkowski*, 137 Pa. Superior Ct. 474, 481, 9 A. 2d 169. The language of section 2 of the Act of 1917, as amended, 35 PS §852, obviously and clearly prohibits the selling or dispensing of compounds containing opium or a derivative thereof, in any quantity whatsoever, by any person except a physician or dentist, to any known habitual user of drugs. Therefore, in such cases it is not required that the Commonwealth establish the compound contains at least one-eighth of a grain of heroin per avoirdupois ounce. It was here sufficient for the Commonwealth to prove that heroin in any quantity was sold or given by the defendant to a known habitual user of drugs.

Defendant's other contention is that the uncorroborated testimony of a drug addict, such as the Commonwealth's witness, is insufficient to support a conviction for the unlawful sale of drugs. It is argued that the use of drugs can impair both mind and memory; that drug addicts are notoriously untruthful; that they are unable to distinguish between realities and illusions; and that therefore their uncorroborated testimony is insufficient to sustain a conviction. While it may be that the use of narcotics may tend to impair mind and memory, nevertheless the extent of the impairment is for the trier of fact to measure. *Com. v. Farrell,* 319 Pa. 441, 444, 181 A. 217. To sustain defendant's contention would, in effect, be declaring drug addicts incompetent to testify; they are not incompetent. *Com. v. Farrell,* supra, 319 Pa. 441, 444, 181 A. 217; *Com. v. Retacco,* supra, 82 Pa. Superior Ct. 79. But the weight to be accorded the testimony of a competent witness is for the determination of the jury or a judge sitting without a jury.

If the trier of fact, who sees and hears the witness, is satisfied that the witness was testifying truthfully,

even though a drug addict, then such testimony may be sufficient to warrant a conviction of a defendant for the sale of drugs in contravention of the Anti-Narcotics Act of 1917. Here the credibility of both witnesses and the weight of their testimony were for the trial judge as the trier of fact.

Judgment of sentence is affirmed.