Commonwealth *v.* Davis, Appellant.

Argued April 12, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*V. J. Rich,* with him *Vincent M. Casey,* and *Margiotti & Casey,* for appellant.

*Wm. Claney Smith,* Assistant District Attorney, with him *Edward C. Boyle,* District Attorney, for appellee.

OPINION BY HIRT, J., June 11, 1957:

Defendant was convicted by a jury on an indictment charging the unlawful possession and sale of heroin, a derivative of opium, in violation of the Act of July 11, 1917, P. L. 758, 35 PS §851 et seq. In this appeal from the judgment of sentence it is contended that the evidence is insufficient to sustain the conviction. In seeking a new trial appellant also contends that the court erred in submitting the question of venue to the jury.

One Charles Hanner was the witness for the Commonwealth whose testimony was essential to a conviction. He was a self-confessed drug addict who had been a steady user of heroin, a so-called "mainliner", for more than five years. This witness was brought to the trial from the workhouse where he had been committed on June 18, 1956 on a five-year sentence, as a parole violator. He had been placed on probation in 1955 following his conviction of the sale of narcotics. He had known the defendant for many years and he testified that he had dealt with him in narcotics numerous times, over a period of nine or ten months prior to July 10, 1954, the date laid in the present indictment. He testified that on the above date the defendant delivered to him a quantity of "stuff" valued at $120 for resale by him. He said that his principal interest in dealing with the defendant was to keep up his own habit and that in this instance he used some of the "stuff" himself and delivered the rest to other addicts.

A drug addict is competent to testify. *Commonwealth v. Farrell,* 319 Pa. 441, 181 A. 217. And con-

trary to the appellant's contention, the uncorroborated testimony of Hanner in this case was sufficient to support defendant's conviction of the unlawful possession and sale of narcotics. Although a drug addict, because of moral perversion, may be untruthful, yet Hanner presumably had been off the drug for 8 months since his commitment to the workhouse and his credibility and the weight of his testimony were questions for the jury under the proper and adequate instructions of the trial judge in this case. In the light of the verdict we must take it as established that the drug which the defendant delivered to Hanner on July 10, 1954, was heroin. It was properly identified by his testimony as to his reaction when it was injected into his blood stream. The applicable law, on every phase of the question of the sufficiency of the evidence in this case is thoroughly discussed in *Commonwealth v. Aikens*, 179 Pa. Superior Ct. 501, 118 A. 2d 205; cf. also, *Commonwealth v. Retacco & Retacco*, 82 Pa. Superior Ct. 79. Under the settled law the verdict was adequately supported by the proofs in this case.

So also there is no merit in the appellant's contention that venue was not sufficiently established. The evidence tended to prove that the crime was committed in the Hill District of Pittsburgh in the County of Allegheny. Defendant testified that he had known Hanner well, over a period of twelve years; he also knew him as an addict. Hanner lived on Francis Street and the defendant on Bedford Avenue in Pittsburgh. From the testimony it was a fair inference for the jury that the defendant on the day in question came to Hanner's house and there gave him the "stuff" and told him "he was going away", inferentially indicating that he was leaving his zone of operation in Pittsburgh and was going elsewhere. Defendant did not raise the question of venue, as he well might have done in cross-examin-

ing Hanner. Here as in *Commonwealth v. Joyce,* 159 Pa. Superior Ct. 45, 50, 46 A. 2d 529 the proofs adequately established venue and the question was properly submitted to the jury.

Judgment affirmed.