# Wingrove v. Central Pennsylvania Traction Co., Appellant.

*Appeals—Paper-books—Abstract of proceedings—Extraneous matter—Rules of court—Statement of question involved.*

1. Rule 29 of the Supreme Court, which provides for an "abstract of proceedings showing the issue and how it was made," is violated where the abstract sets forth extraneous matter.

2. Rule 34, providing for "statement of question involved," is violated where the statement sets forth four lengthy paragraphs covering over a page of closely printed matter.

*Negligence—Evidence—Testimony taken on former trial—Credibility of witness.*

3. Where at the first trial of a negligence case two physicians testify that plaintiff had suffered a fracture of a rib, and upon the second trial neither of the physicians are called, and plaintiff offers no proof that her rib had been fractured, the testimony of the two physicians at the first trial is not admissible on behalf of the defendant for the purpose of impeaching the credibility of the plaintiff.

*Evidence—Record of criminal suit in civil action—Conspiracy —Negligence.*

4. Judgments in criminal cases where the State is prosecutor are generally held inadmissible to establish the facts of a civil case, and vice versa.

5. On the second trial of a negligence case brought by a husband and wife for injuries to the wife, the record of the Court of Quarter Sessions is inadmissible to establish the alleged fact that between the two trials the husband and another had been convicted of conspiracy to fabricate evidence in the case.

*Negligence—Evidence—Charge of court.*

6. In an action by a woman against a street railway company to recover damages for personal injuries, the trial judge cannot be convicted of error in suggesting to the jury that the failure of plaintiff to complain of her injury to the conductor might have been due to the suffering she was undergoing, although she had given no such explanation in her testimony, if it appears that the plaintiff did testify that she could not remember very much at the

time, that another passenger took her purse and paid her fare, that she was assisted home, and that when she arrived there she was suffering pain over her whole body.

*Negligence—Action by husband and wife—Absence of husband at trial.*

7. In an action brought by a husband and wife for injuries to the wife, it is not error for the trial judge to instruct the jury that they might find a verdict for the husband, although he was not present at the trial, nor called as a witness. The absence of the husband is a fact from which an unfavorable inference could be drawn against him if not explained; but this inference is one for the jury to draw.

Argued May 21, 1912. Appeal, No. 9, May T., 1912, by defendant, from judgment of C. P. Dauphin Co., Jan. T., 1906, No. 462, on verdict for plaintiffs in case of Sarah Wingrove and W. G. Wingrove v. Central Pennsylvania Traction Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for injuries to a married woman. Before KUNKEL, P. J.

The abstract of proceedings was as follows:

Action in trespass against the Central Pennsylvania Traction Company, defendant, by Sarah Wingrove and W. G. Wingrove, her husband, plaintiffs, for injuries alleged to have been suffered by Mrs. Wingrove by the negligent starting of defendant's car while she was attempting to get on. Defendant pleaded not guilty.

Upon trial, verdict in favor of Sarah Wingrove for $2,200 and in favor of W. G. Wingrove for $1,000. Motion for a new trial made. Pending motion, W. G. Wingrove, plaintiff, and O. Z. Shaver, one of plaintiff's witnesses were, in No. 90, March Sessions, 1907, convicted of conspiracy to fabricate testimony, and to procure and offer false evidence in the case; Shaver being sentenced to imprisonment to one year and W. G. Win-

grove to pay a fine and costs. Following these proceedings, the pending motion for a new trial was granted, and trial had, with verdict in favor of Mrs. Wingrove for $4,500, and in favor of the husband for $300. Motion for a new trial was made, and a new trial ordered unless Mrs. Wingrove should file a remittur for $1,500 of the amount of the verdict in her favor. Remittur having been filed judgment was entered on the verdict for its amount, less the amount remitted, and this appeal taken.

The statement of questions involved covered a page and a quarter of closely printed matter divided into four lengthy paragraphs.

At the trial the defendant made the following offer:

"Mr. Bergner: We propose to offer in evidence the testimony of Doctor Dailey, and the testimony of Doctor Gilbert, offered at a former trial of this case, showing that this woman was suffering from a fractured rib, which had not re-united, and the same constituted a permanent injury; that to be followed by the evidence that she was not suffering from a fractured rib of any kind. This for the purpose of affecting the credibility of the plaintiff, Mrs. Wingrove, and the integrity of her case as presented on the second trial.

"Mr. Beidleman: We object to that, if the court please, as being an improper way of attacking credibility; being irrelevant, immaterial, inadmissible and incompetent." Objection sustained. Exception (1).

"Mr. Bergner: We propose, may it please the court, the witness on the stand having testified as to the efforts to subpoena W. G. Wingrove, one of the plaintiffs in this case, and, in view of the fact, that W. G. Wingrove, one of the plaintiffs in this case, is absent from the court room, and has been absent during the trial of this case, to offer evidence, by the witness on the stand, to show that W. G. Wingrove, plaintiff in this case, and O. Z. Shaver, the person stated by Mrs. Wingrove, the

other plaintiff in the case, to have been the person who
assisted her onto the car at the time of the accident; and
the same person who testified on the former trial of this
case, that he had assisted Mrs. Wingrove after the acci-
dent to get on the car; the said Wingrove and Shaver
are the same persons who were convicted in the Court of
Quarter Sessions of Dauphin County to No. 90, March
Sessions, 1907, of conspiracy to fabricate testimony, and
to procure and offer false evidence in this case; to wit:
the case of Wingrove and wife against the Central Penn-
sylvania Traction Company. This for the purpose of
affecting a bona fides, and showing the absence of in-
tegrity in the case of the plaintiffs, husband and wife,
against the Central Pennsylvania Traction Company.

"Mr. Beidleman: This is objected to as being in-
competent, inadmissible and irrelevant; and, further,
that Shaver has not been offered as a witness in the case;
whereby an attempt upon his credibility cannot be
admissible.

"Mr. Bergner: This to be followed by the record of
the Court of Quarter Sessions of Dauphin county, show-
ing the conviction of O. Z. Shaver and W. G. Wingrove
for conspiracy to fabricate testimony with respect to
the case on trial now.

Objection sustained. Exception (2).

The court charged in part as follows:

["But before we come to that, gentlemen of the jury,
on the other point which we have left, I call your atten-
tion—and you will give it just such weight as you think
it is entitled to—to the absence of any complaint on the
part of Mrs. Wingrove, at the time the accident oc-
curred. She says she was helped to her seat in the car.
The conductor was at the head of the car, coming down,
and took her fare. It was paid by a man by the name of
Shaver, who had helped her onto the car, out of her
purse, and it does not appear that any complaint was
made by her at that time, to the conductor, or anything

said by her to the conductor that she had been injured, or that any accident of any kind had occurred. You will consider what effect that has upon the question of how the accident occurred. Was that due to the pain and suffering she was then undergoing, or was it due to some other cause? You will have to determine how that was."] (4)

["When you render a verdict, if you find in favor of the plaintiffs, you will find for the plaintiff, Mr. Wingrove, so much; being guided by the measure of damages to which we have just referred."] (5)

Verdict for Sarah Wingrove for $4,500 upon which judgment was entered for $3,000, all above that amount having been remitted.

Verdict for W. G. Wingrove for $300 upon which judgment was entered. Defendant appealed.

*Errors assigned* were (1-3) rulings on evidence quoting the bill of exceptions; (4, 5) above instructions quoting them.

*C. L. Bailey*, of *Wolfe & Bailey*, with him *C. H. Bergner*, for appellant.—The record of the criminal conviction was admissible: McHugh v. McHugh, 186 Pa. 197; Egan v. Bowker, 87 Mass. 449; Dundas' Est., 213 Pa. 628; Ginder v. Bachman, 8 Pa. Superior Ct. 405; Com. v. Brown, 23 Pa. Superior Ct. 470; Howell v. Hartford Fire Ins. Co., 12 Fed. Cases 700, Case No. 6780.

*E. E. Beidleman*, for appellees.

OPINION BY MR. JUSTICE POTTER, October 14, 1912:

This was an action of trespass brought by Sarah Wingrove and W. G. Wingrove, her husband, to recover damages from the Central Pennsylvania Traction Company, for injuries alleged to have been sustained by Mrs. Wingrove by reason of the negligence of the de-

fendant. Mrs. Wingrove alleged that on August 19, 1905, as she was boarding a car of the defendant company in the city of Harrisburg, it was prematurely started, and she was thrown down and severely injured. The case was tried twice in the court below. The second trial resulted in a verdict for the plaintiff, Sarah Wingrove, in the sum of $4,500, and for W. G. Wingrove in the sum of $300. A motion for a new trial was made by defendant, which for some unexplained reason was not disposed of for nearly three years. On February 27, 1912, the court below made an order requiring the plaintiff to remit $1,500 of the verdict in her favor, or submit to a new trial. A remittitur was filed reducing the verdict to $3,000, and judgment was entered thereupon. Defendant has appealed.

The paper book presented in behalf of appellant does not conform to the rules of this court. Rule 29 provides for an "abstract of proceeding showing the issue and how it was made." The abstract here presented sets forth extraneous matter. It contains an account of the conviction in the Court of Quarter Sessions of one of the plaintiffs and another person, of conspiracy. Nothing of this appeared in the pleadings or in the evidence, and it is out of place in the abstract of proceedings.

The statement of questions involved is altogether too long, and is in plain violation of Rule 34.

Taking up the appeal upon its merits, in the first assignment of error, it is alleged that the trial judge erred in excluding the offer by the defendant, of the testimony of two physicians, taken at the former trial. These witnesses then testified that Mrs. Wingrove had suffered a fracture of a rib, or separation of the cartilage from the bony part of the rib. Upon the second trial, neither of these doctors was called to testify, nor was there any allegation that plaintiff's rib had been fractured. Defendant offered the testimony of the phy-

sicians at the former trial, and proposed to follow it with evidence that plaintiff was not in any way suffer-ing from a fractured rib; and this for the purpose of affecting her credibility. Counsel for appellant have cited no authority to support their position that the credibility of the plaintiff can be attacked in this way. If admitted, the evidence would not have contradicted any testimony given on the second trial. It would only have shown that upon the first trial the physicians testi-fied to certain matters which were not mentioned at the second trial. We see no error in the refusal of the offer.

In the second assignment of error it is alleged that the trial judge erred in excluding the offer in evidence, of the record of the conviction of one of the plaintiffs and another, in the Court of Quarter Sessions. The question raised by the offer was not as to the right of the defendant to show the fact of a conspiracy to fab-ricate evidence, but it was to the admissibility of the record of the Court of Quarter Sessions to establish that fact. We think the learned judge was right in exclud-ing the record for that purpose. In 2 Elliott on Evi-dence, Section 1525, Note 28, it is said: "Judgments in criminal cases where the State is prosecutor, are generally held inadmissible to establish the facts of a civil case, and vice versa." In Bennett v. Fulmer, 49 Pa. 155, it was held, as appears from the syllabus, that "The record of a criminal prosecution against defend-ants for forcible entry and detainer, wherein plaintiffs were prosecutors and witnesses, is not admissible on the trial of the civil action of trespass involving the title to the premises." In Summers v. Brewing Co., 143 Pa. 114, an action to recover damages for injuries sustained by a child by being run down by defendant's wagon, it was held, as appears from the syllabus, "The record of a prosecution of the driver for assault and battery, in the Quarter Sessions, instituted by the father and next friend of the child, offered to show that at the trial

thereof there was no contention that the driver was asleep when the accident occurred, was irrelevant to the issue and properly excluded."

The third assignment of error is to the refusal of the trial judge to permit defendant to show that the plaintiff, W. G. Wingrove, was the same person who was convicted of conspiracy. We have held that the record in the conspiracy case was properly excluded, and this offer was for the same reason properly refused.

In the fourth assignment, complaint is made that the trial judge erred in his charge to the jury, in suggesting that the failure of the plaintiff, Mrs. Wingrove, to make complaint to the conductor of the car at the time of the acident, might have been due to the pain and suffering she was undergoing, although she had given no such explanation when on the witness stand. It does appear from the evidence that Mrs. Wingrove testified that she could not remember very much that happened after she got in the car; that when the conductor came around a passenger took her purse and paid her fare for her; and that she was assisted home. On cross-examination she said further that when she reached her home after the accident, she was suffering pain over her whole body. We think this testimony was sufficient to warrant the suggestion of the trial judge that the plaintiff's condition may have prevented her making complaint to the conductor. He left the matter for the jury to determine.

In the fifth assignment of error complaint is made that the trial judge instructed the jury that they might find a verdict in favor of the plaintiff, Mr. Wingrove. The objection made to this instruction is that Wingrove was not present at the trial, nor was he called as a witness. It is argued that his absence was a fact which in itself justified an inference against the plaintiff, unless it was explained. Granting that this may be true, yet the inference was one for the jury to draw. If the de-

fendant desired specific instructions as to this matter, a point should have been drawn and submitted. This was not done.

The sixth assignment alleged error in the refusal of the defendant's seventh point, which assumed the admission in evidence of the testimony of two physicians as set forth in the offer, whose exclusion was specified as error in the first assignment. As we have held that there was no error in the exclusion of that testimony, it follows that the seventh point was properly refused.

The assignments of error are all overruled, and the judgment is affirmed.