# Loughran's Estate.

*Trusts and trustees—Breach of trust—Death of trustee—Presentation of claim—Laches.*

Claims presented against the estate of a decedent for loss resulting from an alleged breach of trust by decedent in misappropriating the proceeds of a mortgage received from her husband's estate, of which she was life tenant, trustee and executrix, were

properly disallowed where such claims were not presented until twenty-four years after the alleged breach, nine years after the appointment of an administrator pendente lite of the trustee's estate, and two years after the appointment of an administrator d. b. n. c. t. a.

Argued March 21, 1917. Appeals, Nos. 18 and 65, Jan. T., 1917, by the House of the Good Shepherd in the City of Philadelphia, The Catholic Home for Destitute Children, St. John's Male Orphans' Asylum of Philadelphia, and John B. Comber, Administrator d. b. n. c. t. a. of Estate of John Loughran, Deceased, from decree of O. C. Philadelphia Co., April T., 1902, No. 258, dismissing exceptions to adjudication in Estate of Bridget Loughran, Deceased. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Exceptions to adjudication. Before GEST, J.

The facts appear in the following opinion by ANDERSON, J., sur exceptions to the adjudication:

Admitting for the sake of the argument that the laches of the claimants in this case did not begin until the death of the testatrix, March 20, 1902, yet the fact remains that at her death the claimants became at once entitled to an accounting of whatever remained in her hands of the estate of her husband, and, if they had been so inclined, notwithstanding the contest over her will they could after his appointment on April 25, 1902, have cited the administrator pendente lite to file an account: Webb's Est., 20 W. N. C. 275. For, although it has been held that an administrator pendente lite cannot distribute the estate of his decedent, that being the duty of the executor under the will or the administrator d. b. n. c. t. a. yet the very purpose of such an appointment is not only to gather together the assets of the estate but also to protect the creditors as well as distributees and legatees: Park v. Marshall, 4 Watts 382; Logan's Est., 21 Pa. C. C. 455; Winpenny's Est., 11 Philadelphia 20. Otherwise creditors of a perfectly solvent estate might

be kept out of their just claims for years, awaiting the determination of litigation over a will in which they are not interested. The claim of the estate of John Loughran was not a claim for distribution, as in Fow's Est., 20 Philadelphia 128, but was the claim of a creditor of Bridget Loughran.

The claimants however rested quiescent until some time in 1911, nine years after the death of the testatrix and appointment of the administrator pendente lite, and two years after the appointment of the administrator d. b. n. c. t. a. Meanwhile witnesses acquainted with the testatrix and her affairs and who could have been called to testify what she had done with the assets of the trust estate may have died, and the facts forgotten by those who are still living. It is for this very reason that the statute of limitations prevents the collection of claims unless an action is begun within six years from the time they accrue; and that statute, or a rule analogous to it, is enforced in the Orphans' Court: York's App., 110 Pa. 69; Higgins's Est., 22 Pa. D. R. 179, and cases cited.

And while it is true that in an injunction affidavit sworn to by the testatrix stated that she had conveyed this mortgage of $6,000 to Terrence Loughran without consideration and for the purpose of securing possession of the estate, it is also true that a demurrer to the bill was sustained and the bill subsequently dismissed with the consent of the plaintiff. The abandonment of the suit raises the inference either that the testatrix was mistaken in her allegation or that she was repaid the value of the mortgage. And the fact that at her death she left no personal property of any kind raises the presumption that that which she had acquired from her husband was used by her under the ample powers given her by her husband's will.

It seems to the court, therefore that it is too late now, twenty-four years after the occurrence and many years after her death, to ask to charge her estate with a mortgage received from her husband's estate simply because

in a suit begun by her twenty-one years ago she declared that she had passed it away without consideration an allegation which according to the record she failed to substantiate. The claimants have rested on their rights too long, and the policy of the law prevents us or the evidence produced from finding the fact that Bridget Loughran did not properly expend the proceeds of the mortgage which passed to her as life tenant under her husband's will.

The court dismissed the exceptions. The exceptants appealed.

*Errors assigned* were in dismissing the exceptions and in confirming the adjudication.

*E. Spencer Miller,* with him *James Fitzpatrick* and *A. A. Hirst,* for appellants.

*Henry A. Hoefler,* with him *Michael Francis Doyle,* for appellees.

PER CURIAM, April 16, 1917:

These appeals are dismissed, at the costs of appellants, on the opinion of the learned court below dismissing the exceptions to the adjudication of the account by the auditing judge.