## Commonwealth *v.* Colacino, Appellant.

*Criminal procedure—Witnesses—Interrogation—Cross-examination as may tend to show interest.*

It is always competent for a party, against whom a witness is called who gives evidence, to propound such questions on cross-examination as may tend to show his bias or feeling in the case. The rule is most generally applied to witnesses who are not parties to the litigation; it was established when parties in interest were not competent witnesses. Where, however, the refusal to permit such question is harmless error the appellate court will not reverse.

Where, in an indictment for assault and battery, the prosecuting witness had testified fully to the circumstances leading up to the assault on him by the defendant, and to the serious injuries which he had received at the defendant's hands, the jury could have had no doubt as to his interest, basis or feeling against the defendant. Evidence of the institution of a civil suit for damages could scarcely have affected it, and the fact that the defendant was not permitted to ask the prosecuting witness, on cross-examination, whether he had not instituted a civil action in trespass against the defendant, could have done the defendant no harm.

Argued November 8, 1926.   Appeal No. 91, April T., 1927, by defendant from judgment of Q. S. Warren

270   COMMONWEALTH *v.* COLACINO, Appellant.

Statement of Facts—Opinion of the Court.   [89 Pa. Superior Ct.

County, September Sessions, 1926, No. 18, in the case of Commonwealth of Pennsylvania v. Dominick Colacino. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ.   Affirmed.

Indictment for aggravated assault and battery with intent to kill. Before AIRD, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Error assigned,* among others, was the ruling on evidence mentioned in the opinion of the Superior Court.

*C. E. Bordwell,* and with him *A. G. Eldred,* for appellant.—It was error to exclude the answer of the witness to the defendant's question on cross examination as to the institution of a civil suit: Ott et al. v. Houghton, 30 Pa. 451; Huoncker v. Merkey, 102 Pa. 462; Batdorff v. Farmers National Bank of Reading, 61 Pa. 179; Lenahan v. Pittston Coal Mining Company, 221 Pa. 626; Commonwealth v. Bell, 4 Pa. Superior Ct. 187; Commonwealth v. Stewart, 65 Pa. Superior Ct. 409.

*L. C. Eddy,* District Attorney, and with him *George B. Munn,* Special Counsel for the Commonwealth, for appellee.—The range of cross-examination lies in the discretion of the Court and only an undoubted abuse of such discretion will constitute grounds for reversal. The exclusion of the particular question could not have affected the result of the trial: Yeager v. Cassidy, 12 Pa. Superior Ct. 232; Helser v. McGrath, 52 Pa. 531; Jackson v. Litch, 62 Pa. 451; Murdoch v. Biery et al., 269 Pa. 577; Breinig v. Meitzler, 23 Pa. 156.

OPINION BY KELLER, J., December 10, 1926:

The second assignment of error was withdrawn on

the argument of this appeal. This leaves only the first, to wit, that the court erred in refusing to allow the defendant to ask the prosecuting witness on cross-examination whether he had not instituted a civil action in trespass against the defendant.

Technically, the question should have been permitted; for it is always competent for a party, against whom a witness is called and gives evidence, to propound such questions, on cross-examination, as may tend to show his interest, bias or feeling in the case: Ott v. Houghton, 30 Pa. 451; Com. v. Farrell, 187 Pa. 408, 423; Com. v. Norris, 87 Pa. Superior Ct. 66, 70. We agree, however, with the lower court that in this case it was harmless error. The rule is most generally applied to witnesses who are not parties to the litigation; it was established when parties in interest were not competent witnesses. See Cameron v. Montgomery, 13 S. & R. 127; Bennett v. Hethington, 16 S. & R. 193, and Ott v. Houghton, supra. The purpose is to affect the witness's credibility by showing his interest, bias or feeling in the case. The prosecuting witness had testified fully to the circumstances leading up to the assault on him by the defendant and to the serious beating, cuts and wounds which he had received at the latter's hands; and the gravity of his injuries had been shown by the evidence of the attending physician. The jury could have had no doubt as to his interest, bias or feeling against the defendant. Evidence of the institution of a civil suit for damages could scarcely have affected it; for it is well established that the record of this conviction cannot be offered in evidence by the plaintiff in the civil suit against the defendant: Porter v. Seiler, 23 Pa. 424, 431; Bennett v. Fulmer, 49 Pa. 155; Hutchinson v. Bank, 41 Pa. 42; Summers v. Bergner Brewing Co., 143 Pa. 114; Wingrove v. Central Penna Traction Co., 237 Pa. 549. See 31 A. L. R. 262-277. It could only be offered by the defendant himself in possible

mitigation of damages: Porter v. Seiler, supra; Rhodes v. Rodgers, 151 Pa. 634, 638. Not even a criminal case should be reversed where an error on the trial has done the defendant no harm. We are satisfied that such is the case here.

The judgment is affirmed.