## Estate of Edward D. Gartner, Deceased.
## Appeal of Edward L. Gartner.

46

Argued April 26, 1928.

Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ. Reversed as to claim of B. R. Pearson.

*Frederick W. Miller,* and with him *George H. Quaill,* for appellant, cited: Kauffman v. Kauffman, 266 Pa. 270; Collins' Appeal, 107 Pa. 590; Phillips' Estate No. 4, 205 Pa. 525.

*Donald C. Anderson,* and with him *A. I. Boyle, Jr.,* for appellee, cited: Michener's Estate, 225 Pa. 66; Commonwealth v. Nuber, 6 Pa. Superior Ct. 420; Commonwealth v. John A. Bell, 288 Pa. 29; Vitkotvic v. Pennsylvania Clay Co., 278 Pa. 474; Campbell v. Maple's Administrator, 105 Pa. 307.

Opinion by Trexler, J., July 12, 1928:

Edward L. Gartner, as executor of Edward D.

Gartner, filed his account showing a balance of $3,392.75. At the audit, counsel on behalf of the accountant, Edward L. Gartner, offered in evidence an assignment by Edward D. Gartner, the decedent, to Jacob Roth of the interest of Edward D. Gartner in the estate of T. L. Gartner, deceased, the same consisting of his interest in certain coal lands. The assignment was collateral security for the payment of a note. This paper by a subsequent assignment was passed to E. L. Gartner, the present claimant.

The estate of T. L. Gartner was settled and the assignee of the interest of Edward D. Gartner therein made no move but allowed the account to be audited and the balance awarded to Edward D. Gartner's estate, he giving no notice to anyone of the assignment to him of the share of the said Edward D. Gartner therein. He now claims that his assignment gives him a priority over the other creditors of the said Edward D. Gartner. The lower court decided that he had none. We have come to the same conclusion.

When the estate of T. L. Gartner was settled, the assignee of the interest of the heir, had his day in court. He should have come forward and asserted his right by reason of the assignment. When he, with notice of the audit, allowed his chance to pass and the net estate to be distributed to him as executor, it did not carry with it any encumbrance or trust by virtue of the undisclosed assignment. The decree was an adjudication that the balance remaining belonged to the estate of Edward D. Gartner and the assignment not having been presented, the assignee had no grasp on the fund. He cannot now assert any right by adverse title, for all matters involved as to the claim against the estate of T. L. Gartner, have been settled by the decree of the court and the assignment of the interest in the coal land did not pass the absolute title as it was merely collateral to the note.

The duty of the claimant to present his claim is

more evident when we consider the fact that he received the balance of the estate of T. L. Gartner, as executor of Edward D. Gartner without asserting any right under the assignment, which if he had done, would have caused the sum which he took as executor to have been awarded to him in his own proper person. The adjudication of the account when it became final, bound all parties in interest as to the specific matters brought to their notice by the account. Willing's Estate, 288 Pa. 337. The claimant knew that the balance for distribution was being decreed to him as executor while at the same time he had an assignment for the same which, if asserted, gave him the ownership. It is hardly necessary to quote authorities to the effect that where one has his day in court with knowledge that a matter is being disposed of in which he has a direct interest and concerning which he has the opportunity of asserting his right, he dare not remain silent without losing his chance. The claim was properly disallowed.

Blanche R. Pearson presented a claim for $5,000 based upon a transaction which took place March 31, 1920. It appears that the decedent sold some stock to her and that some fraud was involved in the transaction and the result was that he was convicted of obtaining money under false pretenses. The sentence was "defendant to make restitution in the sum of $5,000 to the prosecutor, Blanche R. Pearson, ⅓ of this amount to be paid within 4 months thereafter, all payments through probation officer." We need not discuss at length the obligation imposed upon the defendant by the sentence, for when he died his death "worked a discharge of every obligation imposed by and rooted in his sentence." Com. v. Moran, 251 Pa. 477, 483; s. c. 58 Pa. Superior Ct. 362. Moreover, "judgments in criminal cases where the State is prosecutor, are generally held inadmissible to establish the facts of a civil case, and vice versa." Citing Bennett

v. Fulmer, 49 Pa. 155; Summers v. Brewing Co., 143
Pa. 114; 2 Elliott on Evidence, Section 1525, Note 28;
Wingrove v. Central Pa. Trac. Co., 237 Pa. 549; Com.
v. Colacino, 89 Pa. Superior Ct. 269.

The claim is barred by the Statute of Limitation
unless it appears by something in the case that it has
been tolled. Death did not toll the statute. York's
Appeal, 110 Pa. 69; Loughran's Estate, 257 Pa. 534.
As the sentence imposed did not toll it or im-
pose an obligation which persisted against the
decedent's estate, the claim must be rejected un-
less some other proof to overcome the bar is pres-
ent. This, the lower court, en banc, differing from
the auditing judge, found in the alleged admission
made by the defendant when the above referred to
case was being tried in the criminal court. We quote
from the opinion: "It is our opinion that the state-
ment of the decedent in the Quarter Sessions Court
when on trial was a sufficient admission of his indebt-
edness to the claimant to overcome all objections to
its payment including the bar of the Statute of Limi-
tations, because his testimony in court at that time
and his acquiescence in the decree allowing him a
parole on condition that he would repay the money
was a sufficient acknowledgment of the debt and would
toll the statute."

We do not see how acquiescence in the sentence can
be imputed, for defendant had no option in the matter,
neither was there any implied promise that he would
repay the money, nor was it his duty to protest against
the sentence the court imposed.

We find nothing in the testimony of the defendant
in the criminal case which is printed in the Appellant's
Paper Book to warrant the statement that he admitted
the debt. He narrated the transaction he had with
Mrs. Pearson, he says he sold some stock to her, that
the check that passed for the stock went to Mrs. Bur-
nett and he subsequently obtained a portion of the

proceeds. The stock was jointly owned by Mrs. Burnett and himself. The mere acknowledgment of the receipt of the money by him is not sufficient to toll the statute. His language is not a promise to pay, nor such an acknowledgment of the debt as implies such promise. The fact that a witness who was present at the trial of the criminal case testified at the audit that defendant at said trial admitted the debt, amounts to nothing in the face of the record of the testimony of the defendant himself which does not disclose such admission. Furthermore, the declaration of a witness that defendant at that time admitted the debt was a mere conclusion. We are all of the opinion that the claim of Blanche R. Pearson was improperly allowed.

The decree of the lower court disallowing the claim of priority of Edward L. Gartner is affirmed. Insofar as it allows the claim of Blanche R. Pearson, it is reversed. Cost to be paid out of the fund.