## Miller v. Wormald.

*Harry A. Jones,* for plaintiff.

CUMMINS, J., February 9, 1931.—In this, a trespass action, plaintiff seeks to recover damages for injury done to his two certain automobiles resulting from successive collisions occurring between each of them respectively and an automobile driven by defendant, it being alleged that these collisions were occasioned by the latter's negligence. The defendant is a resident of the State of New York, and, not having been personally served, service was had upon the Secretary of Revenue of this Commonwealth as his agent, agreeably to the provisions of the Act of May 14, 1929, P. L. 1721. When the case was called for trial, the question as to whether the court, by such service, had acquired jurisdiction over the person of the defendant (which, of course, involved the constitutionality of this act), was reserved by the trial court as a question of law for the consideration of the court *in banc.*

Upon trial, the plaintiff, while testifying as a witness on his own behalf, in an answer not responsive to his counsel's question, volunteered the fact that the defendant had been prosecuted, convicted and sentenced in a criminal proceeding involving these same collisions. Defendant not being represented by counsel, the court likewise reserved the question of law as to whether or not it was the duty of the trial court, for such improper remarks, to have withdrawn a juror. These are the two questions of law now before the court.

The constitutionality of the act in question has not as yet, so far as we have been able to discover, been passed upon. Acts with similar import, however, have in other states received judicial sanction.

Section one of the act in question provides: "That from and after the passage of this act, any nonresident of this Commonwealth, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this Commonwealth to nonresident operators and owners of operating a motor vehicle, or of having the same operated, within the Commonwealth of Pennsylvania, shall, by such acceptance, and by the operation of such motor vehicle within the Commonwealth of Pennsylvania, make and constitute the Secretary of Revenue of the Commonwealth of Pennsylvania his . . . agent for the service of process in any civil suit or proceeding instituted in the courts of the Commonwealth of Pennsylvania against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within the Commonwealth in which such motor vehicle is involved."

And section two provides that: "Such process shall be served, by the officer to whom the same shall be directed, upon the Secretary of Revenue . . . by leaving at the office of said secretary, at least fifteen (15) days before the return day of such process, a true and attested copy thereof, and by sending to the defendant, by registered mail, postage prepaid, a like true and attested copy, with an endorsement thereon of the service upon said Secretary of Revenue, . . ."

The question involved is, of course, whether this statute contravenes the due process clause of the Fourteenth Amendment. Notice sent outside of the jurisdictional limits of a state to a nonresident is of no avail to give jurisdiction in a personal action: Pennoyer *v.* Neff, 95 U. S. 714; McDonald *v.* Mabee, 243 U. S. 90. It is likewise true that the mere transaction of business within a state by a nonresident natural person does not give implied consent to be bound by the unserved process of its courts: Flexner *v.* Farson, 248 U. S. 289. However, in construing a statute of Massachusetts (chapter ninety of General Laws of Massachusetts, as amended by Statute 1923, chapter 431, section 2), in all respects substantially similar to our own, the Supreme Court of the United States, in Hess *v.* Pawloski, 274 U. S. 352, held that "The state's power to regulate the use of its highways extends to their use by non-residents as well as by residents. . . . And, in advance of the operation of a motor vehicle on its highway by a non-resident, the State may require him to appoint one of its officials as his agent on whom process may be served in proceedings growing out of such use: Kane *v.* New Jersey, 242 U. S. 160, 167. That case recognizes the power of the State to exclude a non-resident until the formal appointment is made. And, having the power so to exclude, the State may declare that the use of the highway by the non-resident is the equivalent of the appointment of the registrar as agent on whom process may be served. . . . The difference between the formal and implied appointment is not substantial so far as concerns the application of the due process clause of the Fourteenth Amendment." It should be here observed that in the Massachusetts statute, in addition to requiring service of process on the State Registrar, the act also provides for actual notice of such service to be given to the defendant by mail. In the later case of Wuchter *v.* Pizzutti, 276 U. S. 13, a judgment recovered where service had been had under a New Jersey statute, which act made no provision for actual notice to the defendant, was reversed by a divided court, by reason of want of such notice to the defendant. In this later case, the Supreme Court of the United States still recognized process on the nonresident by service on a state official as being valid, and only reversed because notice of such service of process had not been forwarded by mail to the defendant. Our act of assembly, however, provides for such notice, as does the act in Massachusetts, so that it is fair to assume that our act would be held to be constitutional.

The other question reserved presents greater difficulty. It has been uniformly held that a judgment of conviction in a criminal proceeding is inadmissible as evidence of that fact in a civil case: Summers *v.* Brewing Co., 143 Pa. 114, 121; Bennett *v.* Fulmer, 49 Pa. 155; Wingrove *v.* Central Penna. Traction Co., 237 Pa. 549, 555; Gartner's Appeal, 94 Pa. Superior Ct. 45, 48-49. In fact, in Com. *v.* Ronello, 251 Pa. 329, 339, it was held to be reversible error for the trial court to have refused to withdraw a juror, where a district attorney in a criminal case had expressed his belief in the guilt of the accused. In the instant case, the plaintiff had gotten before the jury not only a belief of defendant's guilt, but evidence conclusive of his guilt, or negligence already judicially established. Obviously, this information, and the effect of

it, could not be eradicated from the minds of the jury. The wrong done, the trial court was powerless to remedy. We are unanimously of the opinion that it was, under the circumstances, the duty of the trial court to have withdrawn a juror; and, the question of law involved in this action having been at that time reserved, that a new trial should now be awarded.

And now, February 9, 1931, new trial awarded.

From Harry D. Hamilton, Washington, Pa.