## Romano v. Romano

*Michael A. Spatola*, for libellant.

*Joseph L. Fox*, for respondent.

SMITH, P. J., December 28, 1938.—This matter comes before the court on exceptions filed to the report of the master in divorce. The libel charges adultery. Respondent did not appear and no testimony was taken in her behalf. The master recommended the refusal of the divorce and the dismissal of the libel due to inadequacy of evidence of the adultery. The exceptions raised what seems to be a novel issue under the laws of this Commonwealth..

Satisfactory proof was presented to the master of the necessary jurisdictional facts. When it came to the evidence presented to prove adultery on the part of Rose Romano, respondent, with Stephen Crispino, corespondent, libellant testified that in 1926, Crispino had frequented his home at 2016 South Hemberger Street, Philadelphia; that every time libellant came home, Crispino ran out of the house through the back yard. He also

testified that he and respondent became separated on April 2, 1926; that during the period of separation, respondent moved back to the Hemberger Street house where on many occasions during the year which he does not recall, he saw Crispino enter her house at six or seven in the evening and stay there until one or two in the morning, at which time libellant went away. This evidence was not supported with detailed facts as to the days, the months, or even the year, and the master found that standing alone, this proof was not sufficient. With this finding we agree.

The only other witness presented by libellant was John Sweeney, the Assistant Custodian of Records for the Clerk of Quarter Sessions Court of the County of Philadelphia. Mr. Sweeney produced the record of the quarter sessions court which is as follows:

"No. 1421, February sessions 1933, Commonwealth v. Rosa Romano, on charge of adultery with Stephen Crispino on August 31, 1932. True bill found March 1, 1933, defendant pleaded not guilty October 16, 1933, verdict guilty October 17, 1933, and sentenced on November 3, 1933 to probation for the period of one year, MacNeille, J.; the other being Bill no. 1422, February sessions, 1933, Commonwealth v. Rosa Romano, sur charge adultery on March 30, 1933, with one Stephen Crispino. True bill found March 1, 1933, defendant pleading not guilty October 16, 1933, verdict guilty October 17, 1933, and sentenced November 3, 1933, on bill no. 1421 by Judge Mac-Neille."

Libellant identified Rosa Romano, defendant in the above-entitled action, as his wife and as respondent in this action. The master found as a matter of law that the record of the quarter sessions court standing alone was not "very convincing proof of the commission of the act" of adultery by respondent, and for this reason, refused to recommend the granting of a divorce.

He gave as a citation of the law covering this point, the case of Bobereski, Admr., v. Insurance Company of the

State of Pa., 105 Pa. Superior Ct. 585. This was an action on a policy of fire insurance where the defense was that plaintiff was concerned in the burning of the insured property. The fire was unquestionably of incendiary origin. Mrs. Bobereski was arrested by the fire marshal for conspiracy to burn her house and was held for court. The district attorney by leave of court, asked for a nolle pros on the ground that the prosecutor, the fire marshal, had failed to present proof as to the identity by name or description of Mrs. Bobereski's alleged co-conspirator and that therefore a conviction would not stand as to the defendant charged with conspiracy. The bill was nolle prossed. The insurance company, defendant in the civil action, was not a prosecutor in the criminal action and was in no way concerned with the prosecution. Keller, J., at page 592, said:

"Our Supreme Court has declared the general rule to be that the judgment and record of a criminal case is not admissible in evidence on the trial of a civil action involving the same matter. In Hutchinson v. Bank of Wheeling, 41 Pa. 42, 45, which was an action of trover brought for the recovery of money which the defendant was accused of having stolen but had been acquitted on the criminal charge, the Supreme Court, speaking through Chief Justice Lowrie, said: 'The private wrong was not merged in the public one, nor is the prosecution intended to supersede the private action. Their purposes are entirely different. The person wronged is not chargeable with the conduct of the prosecution and therefore not affected by an acquittal.' And in Bennett v. Fulmar, 49 Pa. 155, 161, an action of trespass quare clausum fregit, the Supreme Court (Mr. Justice Thompson) said: 'The third error assigned is to the rejection of the record of the criminal prosecution against the defendants for forcible entry and detainer. It was not evidence on the issue involved in this suit. It was between different parties.' See also Wingrove v. Central Penna. Traction Co., 237 Pa. 549, 555; Summers v. Brewing Co., 143 Pa. 114, 121; Porter v.

Seiler, 23 Pa. 424, 431; Com. v. Colacino, 89 Pa. Superior Ct. 269, 271. In Gartner's Est., 94 Pa. Superior Ct. 45, 49, 50, our Brother Trexler, now President Judge, speaking for this court, recognized this rule in the following language: 'Moreover, judgments in criminal cases where the State is prosecutor, are generally held inadmissible to establish the facts of a civil case, and vice versa.' "

The reason for the position taken by the Superior Court in an action in assumpsit on a policy of insurance is apparent. As Judge Keller said at page 594:

"The record of the criminal case and the nol. pros. entered in it by the district attorney had no relevance whatever to the issues of fact raised by the plaintiff's evidence."

But in the case before us, the conviction in a criminal case where the jury found respondent guilty of an act of adultery with a man who was also corespondent in the divorce action is relevant to this issue.

Libellant appeared in the criminal action as a witness for the prosecution and testified as to his marriage with defendant. It must be apparent that if the witness for the prosecution in the criminal action were called before the master in divorce, it would only be a repetition of his former evidence.

The common-law rule is that a conviction of adultery is not res judicata in a civil proceeding involving the same facts and is not admissible as evidence of the innocence or guilt.

In Hutchinson v. Merchants' & Mechanics' Bank of Wheeling, 41 Pa. 42, there was an action for divorce growing out of an alleged trover and conversion. In that criminal action, the present plaintiff was acquitted. It was the contention that the civil remedy for money stolen was merged in the criminal action. Lowrie, C. J., at page 45, said:

"The private wrong was not merged in the public one, nor is the public prosecution intended to supersede the private action. Their purposes are entirely different.

The person wronged is not chargeable with the conduct of the prosecution, and therefore not affected by an acquittal. Even a conviction and sentence do not discharge his right of action, for a pardon may make it ineffectual for restitution. We do not discover any irregularities or inaccuracies in the trial to the injury of the defendant below."

There seems to be a growing disposition to depart from the common-law rule where defendant in a civil proceeding has been convicted of a crime where the cause of action was based upon the same wrong. A conviction in a criminal action is based upon proof beyond a reasonable doubt. In that action, defendant has an opportunity to present all facts in his defense or to plead guilty. The verdict of guilt by a jury is arrived at only after the safeguards are given a defendant in a criminal trial. A plea of guilt is also under the control and protection of the court. The common-law rule has been modified in certain jurisdictions by permitting the record of a conviction to be offered in evidence in a civil suit.

In Eagle, Star & British Dominions Ins. Co. v. Heller, 149 Va. 82, 106, it was held that the conviction of an owner for wilfully burning his property is not only admissible in an action brought by him against an insurance company having insured the property but is conclusive of the facts adjudicated. The court said to do otherwise "would be a reproach to the administration of justice", and further, "if there be a rule which cannot stand the test of reason, it is a bad rule." Section 51 of The Divorce Law of May 2, 1929, P. L. 1237, provides as follows:

"When the respondent in any action of divorce shall have been convicted and sentenced for adultery, the records of the said conviction shall be received in evidence on any application for a divorce by the injured libellant."

There seems to be no doubt that such a record of conviction may, upon proper application, be offered in evidence by libellant in an action for divorce where the charge is adultery.

The question before us is: May this evidence be raised to conclusive force in Pennsylvania? The court is unable to find any case in the appellate or lower courts deciding this question. The Pennsylvania statute makes no provision for cases where defendant in the criminal action is found not guilty. It, therefore, would seem clear that a respondent in a divorce action cannot introduce a record in evidence from a criminal trial where he had been found innocent. We are, therefore, only concerned with those cases where respondent in a criminal action was either found guilty of the crime of adultery or pleaded guilty thereto. In testing the theory of whether such a record is conclusive evidence in a divorce action, at first blush there may appear to be a distinction between those cases where defendant in the criminal action was found guilty after a trial by jury and those cases where defendant pleaded guilty to the charge. It may be argued that a plea of guilt may be tantamount to a confession by a respondent in a divorce action. It is the policy of this Commonwealth to forbid a divorce based upon an uncorroborated confession of a respondent. The basis of this rule is clearly set forth in Sturgeon on Divorce 80, sec. 147 (1905), where it is written:

"It is a rule of policy not to found a sentence of divorce on a confession alone, because it may be that such confession is false, and made for the sole purpose of causing a divorce."

In Matchin v. Matchin, 6 Pa. 332, Mr. Chief Justice Gibson, at page 337, said:

"It is a rule to policy, however, not to found a sentence of divorce on confession alone. Yet, where it is full, confidential, reluctant, free from suspicion of collusion, and corroborated by circumstances, it is ranked with the safest proofs."

It seems sensible that one would not plead guilty to the crime of adultery, facing the imposition of a prison sentence or a fine in order to cause a divorce to occur in some subsequent action. The plea of guilt in a criminal

action must result in a conviction and proper weight must be given to such a plea. This must be so where a defendant is safeguarded by the presence of the court and where a defendant is protected against the coercion of his or her spouse.

The question before us has been considered in New Jersey. In the case of Tucker v. Tucker, 101 N. J. Eq. 72, the proof of guilt was a record of the conviction of respondent and corespondent on a joint indictment for adultery. Respondent pleaded not guilty and was convicted. Corespondent pleaded guilty. Both were sentenced by the court. Vice Chancellor Backes, decreeing a divorce, said:

"The record of conviction is not accepted as *res adjudicata*, but is admissible as persuasive evidence, and is *prima facie* sufficient proof of guilt. . . . The solemn adjudication of the guilt of the defendant by a tribunal of our judicial system, delegated to try and determine the issue, is sufficient proof of the offense when pleaded as the ground of a decree for divorce."

In the case of Stewart v. Stewart, 93 N. J. Eq. 1, the facts are as follows: May H. Stewart indicted for adultery was tried in the Quarter Sessions Court of Passaic County. She waived a trial by jury and pleaded guilty before the court. Later in an action for divorce, her husband, libellant, offered in evidence the record of the criminal proceedings. Chancellor Walker, at page 4, said:

"While it is an inflexible rule in this state that a divorce will not be granted upon the uncorroborated testimony or admission of a party to the suit (*Garrett* v. *Garrett, 86 N. J. Eq. 293; Foster* v. *Foster*, March term, 1921, Court of Errors and Appeals), yet the admission in a plea of guilty made on arraignment for adultery in a criminal court is made under the sanction of the law and the protection of the judge. It cannot be presumed to be procured by the husband's coercion, as in *Summerbell* v. *Summerbell, 37 N. J. Eq. 603,* nor can it be presumed to

have been made through collusion with the other spouse; and this is the more apparent when we know that by interposing such a plea the defendant at once puts himself in the situation of being liable to a sentence of fine or imprisonment, or both. . . .

"The plea of guilty made by the defendant amounts to a conviction of the defendant of the adultery charged. Conviction means the confession of the accused in open court or the verdict returned by the jury, which ascertains and publishes the fact of guilt. The judgment or sentence denotes the action of the court in which the plea is made or verdict rendered, declaring the consequences to the convict of the fact ascertained. *State* v. *Henson, supra* (at *p. 607*).

"The judgment in the case of the state against the defendant for adultery would be *res judicata* against the defendant in this cause were the petitioner a party or privy to that case, but he, of course, was not and could not have been. Nor does the doctrine of estoppel by judgment apply; for, while the record of a judgment, as such, may be impeached by no one, whether party to the proceeding in which it was rendered or not, yet, as to the truth of the matter adjudged, it is binding only upon the parties to the record or those in privity with them.

"This was an *ex parte* case, the defendant having defaulted in pleading, and there is therefore no denial of the adultery charged against the defendant, and her plea of guilty to that offence in the criminal court sufficiently proves the adultery laid against her in the petition for divorce; and her husband will therefore be awarded a decree *nisi*."

In the case at bar, respondent as defendant in the criminal action pleaded not guilty and was convicted by a jury. In that action, the Commonwealth was the prosecutor and libellant was not privy to it. Therefore, it is not res adjudicata, but it is the strongest kind of evidence against respondent in the divorce action and presents a prima facie case. The action here is ex parte. Respondent

did not appear and deny the adultery. The record of the criminal action showing a conviction of respondent for the crime of adultery is in evidence. The statute of 1929 makes it admissible. The conviction in our court of quarter sessions while not res adjudicata, is not only prima facie evidence, but standing undenied, is conclusive.

## Decree

And now, to wit, December 28, 1938, the report of the master is therefore disapproved, the exceptions are sustained and decree of divorce is ordered to be entered on the grounds of adultery. Let final rule issue. Rule to modify order is made absolute.